**Dando v. Berks County Board of
Assessment Appeals**

C.P. of Berks County, no. 09-13238.

*Scott L. Huyett,* for appellant.
*Edwin L. Stock,* for appellee.

LASH, *J.,* August 5, 2010—The appellant, Theodore E. Dando D.M.D., (landowner), has filed an appeal from the decision entered by the Berks County Board of Assessment Appeals assessing real estate owned by land-

owner at $80,000.00, effective January 1, 2010. A de novo trial was heard on the appeal on August 3, 2010. The court enters the following findings of fact:

## I. FINDINGS OF FACT

(1) The appellant, Theodore E. Dando, D.M.D., (landowner), is an adult individual who resides at 705 Wyoming Avenue, Wyomissing, Berks County, Pennsylvania 19610.

(2) The appellee, Berks County Board of Assessment Appeals is located at the Berks County Services Center, Third Floor, 633 Court Street, Reading, Berks County, Pennsylvania 19601.

(3) Landowner is the owner of real estate approximately 1.25 acres in size, improved with a structure formerly used as a church, located at 441 State Street, in the Borough of Hamburg, Berks County, Pennsylvania, in the Hamburg Area School District (parcel no. 1). Parcel no. 1 is identified by parcel no. 46-4495-17-10-2166.

(4) On or about September 15, 2008, the former owner, the Roman Catholic Diocese of Allentown (Diocese), transferred parcel no. 1 and an adjoining property (parcel no. 2) to landowner for the aggregate sum of $330,000, with the price set by the Diocese at $40,000 for parcel no. 1 and $290,000 for parcel no. 2.

(5) Landowner's purpose in purchasing the two parcels was to utilize parcel no. 2 as a dental office with an adjoining parking area.

(6) Landowner had no interest in parcel no. 1, but purchased it as a condition to the purchase of parcel no. 2, as the Diocese declined to sell parcel no. 2 separately.

(7) The building on parcel no. 1 had been used as a church, but that use was abandoned in approximately 2001, and has stood vacant since that time.

(8) Sometime prior to the sale of parcel no. 1 to landowner, the Diocese removed the pews, altars and other amenities contained inside the church building.

(9) The church building never had restrooms. There is plumbing, used for the purpose of providing water to a sink for use by the priests.

(10) There are three entrances to the church. The front entrance from State Street represents the main church entrance. There are 23 steps to the front door and two additional steps inside the vestibule to the main church room. There is a side entrance which also has 23 steps and two steps on the inside, which opens into an area behind where the altar used to stand. The third entrance provides access to the basement.

(11) The heating and cooling systems have not been operated in the building for some time. Overall, the building and steps are in a state of disrepair.

(12) Parcel no. 1 is located in the "Village Central" zoning district for the Borough of Hamburg.

(13) Prior to 2009, the building was exempt from taxation based on its status as a Catholic church. The status was changed to taxable for the 2010 tax year. The Assessment Office set the initial assessment for the property for 2010 at $161,400.

(14) On August 25, 2009, landowner filed an appeal to the board requesting a reduction in the assessment,

(15) Following a hearing on September 21, 2009, the board issued its final notice, dated September 22, 2009, reducing the assessment from $161,400 to $80,000.

(16) On or about October 20, 2009, landowner filed the within appeal to the Court of Common Pleas of Berks County.

(17) The common level ratio for Berks County for the year 2010 is 677.

## II. DISCUSSION

The issue before this court is the fair market value of the premises. Actual or market value is defined as "the price which a purchaser, willing but not [obligated] to buy, would pay an owner, willing but not [obligated] to sell, taking into consideration all issues to which the property is adapted and might in reason be applied." *F & M Schaeffer Brewing Company v. Lehigh County Board of Appeals,* 530 Pa. 451, 457, 610 A.2d 1, 3 (1992).

The board did not present any evidence, relying on the presumption that the board's assessment of $80,000 was valid. Thus, the question before this court is whether the evidence presented by landowner was sufficient to overcome the assessment's prima facie validity.

Landowner provided no expert testimony, relying on his own opinion as owner that the fair market value of parcel no. 1 was $25,000. Landowner believes that the only use for the property would be limited access storage. He testified that the cost to raze the building to free the parcel for a new use was prohibitive. Landowner also offered no other opinion on a reasonable use, given the

building's deteriorating condition and the absence of restroom facilities.

This court agrees that landowner's options are extremely limited. As the building provides indoor open space, it certainly could be used for storage purposes, however, access to the inside area is impractical, requiring storage items to be carried up steps by hand or by using a hand truck. The building could also be used as a church or reception hall, but this would require extensive renovations, as well as construction of restroom facilities. There may also be an issue with parking, unless the owner of parcel no. 1 could share the parking area designated by landowner for his dental office. Third, the church building could certainly be razed, making parcel no. 1 available for any use permitted under the zoning ordinance. As stated, this would also require a significant expenditure.

We find that landowner's testimony on the condition of the property sufficiently overcomes the presumption of validity of the board's assessment. The assessment of $80,000 represents a fair market value on parcel no. 1 of $118,168.38. We believe that landowner would be hard pressed to find a buyer who would be willing to pay that sum to him to purchase parcel no. 1.

That being said, finding an appropriate value for parcel no. 1 is daunting. Both of the other figures provided, landowner's opinion of $25,000 and the designated purchase price in 2008 of $40,000, are not supported by any competent evidence and appear to be arbitrary values.

In determining actual value, three approaches to valuation are generally used: cost (reproduction over place-

ment, as applicable, less deprecation in all forms of obsolescence), comparable sales, and the income approach. 72 P.S. §5020-402, 5348(d), *F & M Schaeffer Brewing Company*, 530 Pa. at 456-57, 610 A.2d at 3. These methods are unavailable here. The income approach would be based on speculative data. The cost approach is unwieldy, given the extensive obsolescence of the building. No comparable sales were presented by either party and it is unlikely that such sales could be identified, at least without making extensive adjustments to account for the differences between the comparables and parcel no. 1.

We note that in some cases, such as those involving conflicting experts who provide competent opinions, the court is permitted to determine fair market value to lie somewhere between the values reached by the competing experts. *Jackson v. Board of Assessment Appeals of Cumberland County*, 950 A.2d 1081, 1086 (Pa. Commw. 2008). We deem it appropriate to extend that method to this case. Although the accuracy of both the board's assessment and landowner's opinion is seriously in question, splitting the difference between these two values appears to provide the only method to achieve a legitimate result, particularly since this court cannot identify any other appropriate foundation for a decision. Averaging the fair market value found by the board of $118,168.38 with landowner's opinion value of $25,000, we reach a fair market value of $71,584.19. Applying common level ratio, the assessment for 2010 would be $48,462.49, which this court rounds off to $48,500. We enter the following order:

## ORDER

And now, August 5, 2010, upon consideration of the within appeal and after a de novo trial held, it is ordered that the actual market value of the property owned by appellant, Theodore E. Dando D.M.D., situate in the Hamburg Area School District, with an address of 441 State Street, Hamburg Borough, Berks County, Pennsylvania, identified by parcel no. 46-4495-17-10-2166, is set at $71,584.19. The common level ratio for tax year 2010 being .677, the assessed value for tax year beginning January 1, 2010 for county and township taxes and beginning July 1, 2010 for school district taxes shall be rounded off to $48,500.